IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Civil Action No. **AW13CV0015** |
| J.P. MORGAN CHASE BANK ACCOUNT NUMBER XXXX6583 IN THE NAME OF ROBERTO CANTU OR BLANCA HANESSIAN CANTU WHICH CONTAINED $27,421 AND J.P. MORGAN CHASE BANK ACCOUNT NUMBER XXXX6755 IN THE NAME OF ROBERTO CANTU OR BLANCA HANESSIAN CANTU WHICH CONTAINED $1,171,888 | : : : : : : : : |

: : : : : : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, United States of America, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Christen A. Sproule, Assistant U.S. Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is a civil forfeiture action against U.S. currency involved in violations of the Controlled Substances Act and 18 U.S.C. § 1956 (money laundering) that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), 21 U.S.C. § 853, 18 U.S.C. § 981(a)(1)(C), and 18 U.S.C. § 982(a)(1).

### THE DEFENDANTS IN REM

2. The defendant is:

   a. J.P. Morgan Chase Bank account number XXXX6583 in the name of Roberto CANTU or Blanca Hanessian CANTU which contained $27,421.

  b.  J.P. Morgan Chase Bank account number XXXX6755 in the name of Roberto CANTU or Blanca Hanessian CANTU which contained $1,171,888.

3.  The defendant property was seized in or about July 2012 from the above-listed bank accounts.

4.  Since seizure, the defendant property has been and presently is in the custody of the United States Department of Homeland Security, Homeland Security Investigations, formerly Immigration and Customs Enforcement.

## JURISDICTION AND VENUE

5.  Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. §881(a)(6).

6.  This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b).

7.  Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. §1395 because the property is located in this district.

## BASIS FOR FORFEITURE

8.  The defendant currency is subject to forfeiture pursuant to 21 U.S.C. §881(a)(6) because it is money furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, constituted proceeds traceable to such an exchange, and was used and intended to be used to facilitate such violation and/or is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because it is property involved in money laundering in violation of 18 U.S.C. § 1956, or is property traceable to such property.

## FACTS

9.  The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Special Agent Robin Betke, Department of Homeland Security, Homeland Security Investigations (HSI), which is incorporated herein by reference.

**WHEREFORE**, the plaintiff prays that all persons who reasonably appear to be potential claimants with interests in the defendant property be cited to appear herein and answer the complaint; that a Warrant of Arrest *in rem* be issued to the U.S. Marshal Service commanding the arrest of the defendant property; that the defendant property be forfeited and condemned to the United States of America; that upon Final Decree of Forfeiture, the United States Marshal dispose of the defendant property according to law; and that the plaintiff have such other and further relief as this Court deems proper and just.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By: *Christen A. Sproule*/ccs
Christen A. Sproule
Assistant United States Attorney
400 United States Courthouse
6500 Cherrywood Lane
Greenbelt, Maryland 20770
301-344-4433

## DECLARATION

I, Robin Betkey, being first duly sworn, hereby depose and state as follows:

1. Your affiant is engaged in the investigation of Antonio **HILL**, hereafter referred to as **HILL**, a narcotics trafficker, and his associates, identified as the **HILL ORGANIZATION**. As set forth below, your affiant has reason to believe that the **HILL ORGANIZATION** was actively involved in drug trafficking and money laundering with conspirators in Arizona. This affidavit is submitted respectfully in support of the forfeiture of the following:

   a. J.P. Morgan Chase Bank account number 26616583 in the name of Roberto CANTU or Blanca Hanessian CANTU which contained $27,421.

   b. J.P. Morgan Chase Bank account number 44106755 in the name of Roberto CANTU or Blanca Hanessian CANTU which contained $1,171,888.

2. As outlined below, your Affiant believes that **HILL** and members of his money laundering and drug trafficking organization deposited the proceeds of their narcotics sales into bank accounts opened and maintained in Arizona. Your Affiant believes based on training, experience, and the investigation to date that **JOSE and BEATRIZ VALENZUELA** and Ricardo **MENDEZ** were the sources of supply for the **HILL ORGANIZATION** and directed the owners of the accounts to open and or receive deposits into the accounts. The accounts were then utilized as funneling accounts through which they receive drug proceeds in payment of the shipment of the packages containing controlled dangerous substances to the **HILL ORGANIZATION** and other unidentified narcotics trafficking and money laundering organizations located throughout the United States. Thus, on July 9, 2012 the Honorable William Connelly, a magistrate judge for the United States District Court for the District of Maryland, issued seizure warrant for twenty six bank accounts believed to be utilized to launder

1

funds in furtherance of the drug conspiracy.

3. Based on the facts set forth below, your Affiant submits respectfully that there is probable cause to believe that the proceeds in the Accounts constituted property obtained directly or indirectly as a result of violations of 21 U.S.C. § 846; (2) property used, or intended to be used, in any manner or part to commit and to facilitate the commission of violations of 21 U.S.C. § 846; and (3) substitute assets for this property. There is also probable cause to believe that the funds in said bank accounts were involved in money laundering activity in violation of 18 U.S.C. §§ 1956. Thus, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 981(a)(1)(C), and 18 U.S.C. § 982(a)(1), this property is subject to forfeiture to the United States.

## INTRODUCTION

4. Your Affiant is a Special Agent of the Department of Homeland Security, Homeland Security Investigations (HSI), formerly Immigration and Customs Enforcement. Your Affiant is the lead case agent for the investigation of **HILL** and his coconspirators.

5. Your Affiant is a duly sworn member of HSI, formerly known as the U.S. Customs Service (USCS). Your Affiant is currently assigned to the Office of the Special Agent in Charge, Baltimore, Maryland, as well as to the High Intensity Drug Trafficking Area (HIDTA) Task Force in Maryland. Your Affiant has been employed as a Special Agent with the USCS/HSI since 2002. Prior to that, your Affiant was employed as a Special Agent with the Internal Revenue Service, Criminal Investigations (IRS/CI) since 1993. Your Affiant completed the Federal Criminal Investigator Training Program and the Customs Basic Enforcement School at the Federal Law Enforcement Training Center in Glynco, Georgia. Your Affiant received training in drug investigations and money laundering investigations. Your Affiant also received additional training in methods to trace illegal proceeds and prove financial

crimes, asset forfeiture, and financial investigations.

6. Based on the information set forth elsewhere in this affidavit, my training, experience, and participation in narcotics investigations, and my conversations with other law enforcement officers, there is probable cause to believe that the Account was being utilized to facilitate narcotics and money laundering offenses.

## FACTUAL BACKGROUND

7. In the summer of 2011, federal law enforcement officers began investigating **HILL** and other members of the **HILL ORGANIZATION**. The investigation revealed that **HILL** and the conspirators were involved in a drug trafficking and money laundering operation based in Prince George's County, Maryland. The **HILL ORGANIZATION** receives packages of narcotics from its source of supply in Arizona, distributes the narcotics in Maryland, and then structures cash deposits into accounts held by conspirators in Arizona.

8. Analysis of bank statements and video surveillance indicates that between June 2011 and June 2012, **HILL** and his associates structured into 24 different bank accounts, all opened in Arizona, over $850,000 in cash deposits in amounts less than $10,000, with corresponding cash withdrawals of similar amounts in Arizona within several days of the deposit. As a result of her training and experience, your Affiant is aware that narcotics traffickers often utilize bank accounts to move illicit drug proceeds from the point of sale or consolidation to the Southwest Border for withdrawal of the funds. This practice is known as "funneling." Your Affiant further believes that the pattern of recurring deposits by **HILL** and his associates indicates a relationship between the **HILL ORGANIZATION** and their suppliers in Arizona. Your Affiant also knows, based on her training and experience, that funneling often entails structured cash deposits in geographic areas away from the location where the account is domiciled, followed by cash withdrawals, or

3

other debits, in amounts similar to the deposits. In addition, your Affiant is aware, based on her training and experience, that narcotics traffickers often utilize funneling because it enables the individuals making the deposits to remain anonymous since banks do not require identification for the deposit of cash into bank accounts in amounts less than $10,000, thus avoiding the creation of a Currency Transaction Report (CTR) that would be submitted to the Internal Revenue Service.

9. On July 9, 2012, a federal grand jury in the District of Maryland returned an indictment charging Jose VALENZUELA, Beatriz VELENZUELA, HILL, Erico HILL, Kenneth DAVIS, James LEWIS, Ernest RAWLINGS, Errol COMMA, and Jane NKEMATEH with conspiracy to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846, and money laundering conspiracy, in violation of 18 U.S.C. § 1956(h).

10. Also on July 9, 2012, the Honorable William Connelly, a magistrate judge for the United States District Court for the District of Maryland, issued seizure warrants for, inter alia, JP Morgan Chase Bank account numbers 26616583 and 44106755 in the name of Roberto CANTU or Blanca Hanessian CANTU. Account number 26616583 was opened on May 29, 1973 and account number 44106755 was opened on September 16, 1997. The signatory on the accounts are Roberto V. CANTU, date of birth February 24, 1935. CANTU provided a Mexican Voter Identification card RCV22435 with an address of Ave Obregon 73 Altos 2, Col Centro 64000, Nogales, Sonora, Mexico. CANTU lists his employer as Self Real Estate. Blanca H CANTU, date of birth March 26, 1937, voter identification card BHCG32637, with an address of Via De Leira 299, Col Lomas De Fatima O, Nogales, Sonora, is also a signor on the account. Blanca CANTU lists her employer as Homemaker. Both individuals list an address on the IRS Form W-8 as Via De Leira #299, Nogales Sonora, Mexico 84000. Statements for

this account are sent to Roberto V **CANTU** or Blanca H **CANTU** at PO Box 931, Nogales, Arizona 85628-0931. Both Roberto and Blanco **CANTU** signed a form Reason for U.S. Residence or Mailing Address and checked the box as a Non-Resident Alien Individual but have a U.S. address because they have arranged for someone else to receive their mail. Bank records indicate that $690,802 in cash was deposited into account 44106755 between January 2011 and April 2012. A majority of the deposits are in the form of checks in amounts less than $10,000 written from various Bank of America, Wells Fargo and JP Morgan Chase accounts, to include Bank of America account numbers 457014141171, 457014141184, 457022131539, 457022328779, Wells Fargo account number 9397380602 all of which received deposits of drug proceeds from the **HILL ORGANIZATION**. Account number 44106755 also has received deposits from additional accounts in the name of individuals that have been identified as receiving drug proceeds from the **HILL ORGANIZATION**, such as Andres **LOZANO** and Edna **RODRIGUEZ-SANCHEZ**. Between January 2011 and April 2012, approximately $159,950 was transferred to **CANTU**'s account number 26616583.

## CONCLUSION

11. Based on the foregoing, your affiant submits that there is probable cause to believe that funds contained in Bank of America Account numbers 26616583 and 44106755 constitute property obtained directly or indirectly as a result of violations of 21 U.S.C. § 846; (2) property used, or intended to be used, in any manner or part to commit and to facilitate the commission of violations of 21 U.S.C. § 846; and (3) substitute assets for this property. There is also probable cause to believe that the funds in said bank accounts were involved in money laundering activity in violation of 18 U.S.C. §§ 1956. Thus, pursuant to 21 U.S.C. § 853, 18 U.S.C. §

981(a)(1)(C), and 18 U.S.C. § 982(a)(1), this property is subject to forfeiture to the United States.

*Robin C. Betkey*
Robin C. Betkey, Special Agent
Homeland Security Investigations

## VERIFICATION

I, Christen A. Sproule, declare under penalty of perjury as provided by 28 U.S.C. §1746, that the foregoing Complaint for Forfeiture is based on reports and information furnished to me by the Drug Enforcement Administration, and that everything contained therein is true and correct to the best of my knowledge and belief.

12-31-12
Date

Christen A. Sproule
Assistant United States Attorney

**MEMORANDUM**

| | |
|---|---|
| DATE: | December 31, 2012 |
| TO: | Paula M. Rigby<br>Department of Homeland Security<br>U.S. Customs and Border Patrol |
| FROM: | Naquita C. Ervin<br>Paralegal Specialist<br>U.S. Attorney's Office - District of Maryland |
| RE: | **U.S. v. J.P. MORGAN CHASE BANK ACCOUNT NUMBER XXXX6583 IN THE NAME OF ROBERTO CANTU OR BLANCA HANESSIAN CANTU WHICH CONTAINED $27,421 AND J.P. MORGAN CHASE BANK ACCOUNT NUMBER XXXX6755 IN THE NAME OF ROBERTO CANTU OR BLANCA HANESSIAN CANTU WHICH CONTAINED $1,171,888**<br><br>**Civil Action No.**<br><br>**CATS ID** |

The United States has filed a forfeiture action against **J.P. MORGAN CHASE BANK ACCOUNT NUMBER XXXX6583 IN THE NAME OF ROBERTO CANTU OR BLANCA HANESSIAN CANTU WHICH CONTAINED $27,421 AND J.P. MORGAN CHASE BANK ACCOUNT NUMBER XXXX6755 IN THE NAME OF ROBERTO CANTU OR BLANCA HANESSIAN CANTU WHICH CONTAINED $1,171,888.** A copy of the Complaint for Forfeiture is attached.

Notice of this seizure will be published at www.forfeiture.gov pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

Thank you.

Attachment

7

# Department of Homeland Security
*Federal Law Enforcement Agencies*
## PROCESS RECEIPT AND RETURN

| PLAINTIFF<br>UNITED STATES OF AMERICA | COURT CASE NUMBER AW13CV0015 |
|---|---|
| DEFENDANT<br>J.P. MORGAN CHASE BANK ACCOUNT NUMBER XXXX6583 IN THE NAME OF ROBERTO CANTU OR BLANCA HANESSIAN CANTU WHICH CONTAINED $27,421 AND J.P. MORGAN CHASE BANK ACCOUNT NUMBER XXXX6755 IN THE NAME OF ROBERTO CANTU OR BLANCA HANESSIAN CANTU WHICH CONTAINED $1,171,888 | TYPE OF PROCESS<br>Verified Complaint In Rem |

| SERVE AT | Name Of Individual, Company, Corporation, Etc. to Serve or Description of Property to Seize |
|---|---|
| | Address (Street or RFD / Apt. # / City, State, and Zip Code) |

| Send NOTICE OF SERVICE copy to Requester:<br><br>Naquita Ervin, Paralegal Specialist<br>U.S. Attorney's Office<br>36 S. Charles Street, 4th floor<br>Baltimore, Maryland 21201 | Number Of Process To Be Served In This Case. | |
|---|---|---|
| | Number Of Parties To Be Served In This Case. | |
| | Check Box If Service Is On USA | |

SPECIAL INSTRUCTIONS or OTHER INFORMATION TO ASSIST IN EXPEDITING SERVICE (includes Business and Alternate Addresses, Phone Numbers, and Estimated Availability times.)

Arrest property. Fill in the date of arrest in this process receipt and return our copy.

| Signature of Attorney or other Originator requesting service on behalf of [X]Plaintiff<br>[ ]Defendant | Telephone No.<br>(410) 209-4800 | Date<br>Dec 31, 2012 |
|---|---|---|
| SIGNATURE OF PERSON ACCEPTING PROCESS: | | Date |

### SPACE BELOW FOR USE OF TREASURY LAW ENFORCEMENT AGENCY

| I acknowledge receipt for the Total # of Process Indicated. | District of Origin No. | District to Serve No. | SIGNATURE OF AUTHORIZED TREASURY AGENCY OFFICER: | Date |
|---|---|---|---|---|

I hereby Certify and Return That I [ ] PERSONALLY SERVED, [ ] HAVE LEGAL EVIDENCE OF SERVICE, [ ] HAVE EXECUTED AS SHOWN IN "REMARKS", the Process Described on the Individual, Company, Corporation, Etc., At The Address Shown Above or at the Address Inserted Below.

[ ] I HEREBY CERTIFY AND RETURN THAT I AM UNABLE TO LOCATE THE INDIVIDUAL, COMPANY, CORPORATION, ETC. NAMED ABOVE.

| NAME & TITLE of Individual Served If not shown above: | [ ] A Person of suitable age and discretion then residing in the defendant's usual place of abode. | | |
|---|---|---|---|
| ADDRESS: (Complete only if different than shown above.) | Date of Service | Time of Service | [ ] AM<br>[ ] PM |
| | Signature, Title and Treasury Agency | | |

REMARKS:

TD F 90-22.48 (6/96)

Make (5) copies after form is signed. SEND ORIGINAL + 4 COPIES to TREASURY AGENCY. Retain Copy #5 for your file.